IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID B. McNAMARA,**

    **Plaintiff,**

v.                                            Case No. 12-cv-2349 JWL/JPO

**WEBER CARPET, INC. a/k/a WEBER FLOORING and JOE'S CARPET NKC, LLC,**

    **Defendants.**

## STIPULATION AND PROTECTIVE ORDER

This is a civil action for damages arising out of Plaintiff's employment with Defendant Weber Carpet, Inc., a/k/a Weber Flooring. Plaintiff David B. McNamara alleges that Weber Carpet unlawfully discriminated against him by subjecting him to a hostile work environment due to his age, retaliating against him for complaining about the harassment and ultimately terminating his employment all in violation of the ADEA (Count I) and KADEA (Count II). Plaintiff also claims Defendants used his name and likeness without authorization in violation of Kansas law (Count III). Defendants' primary defenses are that Plaintiff engaged in misconduct that constituted sufficient grounds for termination of Plaintiff's employment and that his age played no role in his termination. Defendants also claim that Plaintiff gave consent for the use of his likeness.

Plaintiff and Defendants agree that during the course of discovery in this action it may be necessary to disclose certain confidential information including non-public corporate records, personnel files, personal identity and financial information, and tax records relating to the subject matter of this action. Plaintiff and Defendants represent that they have no wish or intention to use

such confidential information for any purpose other than the prosecution and defense of this litigation. Therefore, good cause exists to enter a Protective Order limiting the disclosure and use of information and documents pursuant to Fed. R. Civ. P. 26(c).

Therefore, pursuant to Fed. R. Civ. Proc. 26(c), Plaintiff and Defendants agree, subject to the approval of the Court, as follows:

1.  Definitions: For purposes of this Stipulation and Protective Order, the following definitions shall apply.

    (a) "Parties" shall include all parties now named or hereafter joined as a plaintiff, defendant or third-party defendant in this action, and shall include all officers and employees of every corporate party.

    (b) "Document" shall have the full meaning ascribed to it in Fed. R. Civ. P. 34.

    (c) "Furnish" shall mean to provide, file, or deliver for inspection or review to any person or persons, whether voluntarily or involuntarily, whether pursuant to discovery, pre-trial exchange or otherwise, in prosecution or defense of this action; or to give testimony or statements of any kind, whether voluntarily or involuntarily, and whether in deposition or in court proceeding.

    (d) "Person" shall mean any individual, corporation, partnership, association, unincorporated organization or other entity.

    (e) "Confidential information" shall mean the contents of any document or transcript of testimony which shall have been designated by any party as confidential because it contains personal, private identification and financial information of a party or a trust and/or its beneficiaries, a trade secret or other confidential research, development or commercial information, as those terms are intended in Fed. R. Civ. P. 26(c) and Bankruptcy Rule 7026, and any pleadings, briefs, filings or other material containing or otherwise disclosing the contents of such information.

2.  Designation of information as confidential shall be accomplished as follows:

With respect to documents, any document produced by any party may be marked, in whole or in part, with legend "CONFIDENTIAL." With respect to deposition testimony, a party shall state, on the record, all testimony which the party intends to designate as confidential. Counsel may, alternatively, designate within thirty (30) days after receipt of the transcript provided by the Court Reporter, a written list of those portions of the transcript which such party then deems confidential.

3. Such confidential information shall be used solely for the purpose of the prosecution or defense of the litigation in this case, and shall not be disclosed in any manner to any person except as provided in this Order. By stipulating to this Order and agreeing to its terms, the parties have not waived any objections to the admissibility of any testimony or exhibit in the case and have not waived any objections to any requested discovery served upon them.

4. Documents produced or testimony given under the terms of this Order shall be retained in the office of counsel until required by the Court to be filed in the case, in which event the provisions of paragraph 7 shall apply. Counsel for the parties shall be responsible for assuring that access to confidential information shall be permitted only to:

    (a)    counsel of record who are outside counsel to the parties herein, corporate counsel regularly employed by the parties, and also all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff, so long as all such persons are informed of this stipulation and order and orally agree to its terms;

    (b)    the Court and to court reporters, including deposition court reporters and their staff;

    (c)    the actual or potential deposition or trial witnesses to the extent the confidential information may reasonably be believed to relate to their testimony, subject to the terms of paragraph 5;

      (d)      persons who are assisting any party or who are assisting counsel in the prosecution or defense of this action, subject to the terms of paragraph 5; and

      (e)      outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of this action, subject to the terms of paragraph 5.

No party having access to any confidential information shall disclose in any manner its contents to any person other than those described in this Order. No such disclosure shall be made for any purpose other than those specified in this Order.

      5.      Counsel of record for the respective parties shall be responsible for informing witnesses, as necessary, of the contents of this protective order. From and after the date this Order is entered, disclosure to any person specified in subparagraph (e) of paragraph 4 shall be permitted only after each such person signs the Acknowledgement of Protective Order (attached as Exhibit A). Counsel disclosing confidential information to any such party shall be responsible for maintaining a file containing signed Acknowledgements of Protective Order for all such persons to whom confidential information has been disclosed. Upon request, the file shall be made available to opposing counsel at the termination of the case, or earlier by agreement of the parties or by order of the Court for cause shown. Outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of this action who sign an Acknowledgement of Protective Order may view and have possession of copies of confidential information in their own offices provided that they otherwise comply with the terms of this Order with respect to the use and protection of confidential information.

      6.      Counsel desiring to make disclosure of protected information to any person other than those set forth herein shall make such a request to the party producing the information, and

the parties shall attempt to agree on whether such disclosure shall be made. In the event the parties cannot agree, the dispute may be presented to the Court in camera, and disclosure thereafter made upon such terms as the Court may provide.

7.  If a party wishes to use any confidential information in any affidavits, briefs, memorandum of law, oral argument, or other papers filed in this Court in this litigation, such documents or transcripts may be filed under seal only upon entry of the Court's order upon said party's duly filed motion therefor.[1] The party seeking to file a document under seal in this Court must follow the procedures set forth in D. Kan. Rule 5.4.6. No confidential information, including briefs or other papers containing reference to confidential information, shall be filed in the records of the Court except under seal with the legend "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION AND IS SUBJECT TO A PROTECTIVE ORDER OF THE COURT."

8.  If the disclosing party inadvertently produces privileged or trial preparation materials, it shall notify the other party of such disclosure promptly upon discovery thereof. After the requesting party is notified, it must return, sequester, or destroy all information and copies and may not use or disclose this information until the claim of privilege or work product is finally resolved (whether by the parties or by the Court). Additionally, the Court reminds counsel that a lawyer who receives materials that on their face appear to be subject to the attorney/client privilege or otherwise confidential, under circumstances where it is clear that they were not intended for the receiving lawyer, should refrain from examining the materials, notify

---

[1] *See Holland v. GMAC Mortgage Corp.*, No. 03-2666, 2004 WL 1534179, at *1-*2 (D. Kan. June 30, 2004) (citations omitted)

12-2349-JWL-PO.doc

the sending lawyer and abide the instructions of the lawyer who sent them. *See Employer's Reins. Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 430 (D. Kan. 2003).

9. The parties may, by agreement, waive any of the terms of this Order. Nothing in this Order shall prevent a party from seeking additional protection as to information deemed confidential. After conferring with the appropriate party, any party may apply to the Court for a ruling that discovery material designated as confidential is not in fact entitled to confidential treatment.

10. Nothing herein shall be deemed to restrict in any way a party or its attorneys with respect to its own documents or to prevent a party from using or disclosing information obtained from public documents or other documents legally and properly obtained other than pursuant to being furnished in this case.

11. Confidential information shall at all times during the litigation be maintained in the utmost confidentiality by all parties having access to it. On conclusion of the case all confidential information in the possession or under the control of counsel, the parties or their agents, consultants or experts along with all copies, excerpts or summaries therefrom shall be destroyed or returned to the producing or testifying party. The termination of the case shall not relieve any person covered by this Order from the obligation to comply with the terms of it and the provisions of this Order as to confidentiality shall not terminate with the disposition of this action. Any party may seek leave to reopen the case to enforce the provisions of this Order.

IT IS SO ORDERED.

Dated November 13, 2012, at Kansas City, Kansas.

      s/ James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge

cc:    All counsel and pro se parties

**STIPULATED AND AGREED:**

Respectfully submitted,

**Case & Roberts P.C.**

 s/ Randi L. Helms  
Kevin D. Case, MO 41491; KS 14570  
Randi L. Helms, MO 60523; KS 23960  
Two Pershing Square  
2300 Main Street, Suite 900  
Kansas City, MO 64108  
Tel:  (816) 448-3707  
Fax:  (816) 448-3779  
kevin.case@caseroberts.com  
randi.helms@caseroberts.com  
Attorneys for Defendants

 s/ Andrea Gould McCarthy  
Andrea Gould McCarthy  
Gould, Thompson & Bucher, P.C.  
1441 East 104th Street, Suite 100  
Kansas City, MO  64131  
andimccarthy@gtb-law.com  
Attorney for Plaintiff

# EXHIBIT A

## IN THE U.S. DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAVID B. McNAMARA,** | |
| **Plaintiff,** | |
| v. | **Case No. 12-cv-2349 JWL/JPO** |
| **WEBER CARPET, INC. a/k/a WEBER FLOORING and JOE'S CARPET NKC, LLC,** | |
| **Defendants.** | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I have read the attached Protective Order and I agree to be bound in all respects by its terms.

By: _____

_____
(type or print name)